Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000585
15-NOV-2012
09:54 AM

NO. CAAP-11-0000585

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
TEVITA UNGOUNGA, Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 10-1-1738)


SUMMARY DISPOSITION ORDER
(By: Foley, Presiding J., Leonard and Reifurth, JJ.)

Defendant-Appellant, Tevita Ungounga (Ungounga) appeals from the Judgment of Conviction and Probation Sentence entered July 5, 2011 in the Circuit Court of the First Circuit[1] (circuit court). The circuit court convicted Ungounga of identity theft in the second degree in violation of Hawaii Revised Statutes (HRS) § 708-839.7 (Supp. 2011), unauthorized possession of confidential personal information in violation of HRS § 708-839.55 (Supp. 2011), and theft in the second degree in violation of HRS § 708-830(2) (1993) and 708-831(1)(b) (Supp. 2011) stemming from charges filed October 26, 2010 by Plaintiff-Appellee State of Hawai'i (State).

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to

_____

[1] The Honorable Richard W. Pollack presided.

the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude Ungounga's appeal is without merit.

(1) Ungounga challenges the sufficiency of the charge raised against him in Count I, which states:

> On or about January 7, 2010, . . . Tevita Ungounga did make or cause to be made, either directly or indirectly, a transmission of any personal information of [Complaining Witness I] by an oral statement, any written statement, or any statement conveyed by any electronic means, with the intent to commit the offense of Theft in the Second Degree from [Complaining Witness II], thereby committing the offense of Identity Theft in the Second Degree[.]

(Emphasis added.)  Ungounga contends the charge is insufficient as to the date on which the alleged violation occurred and the identity of Complaining Witness II.  A discrepancy between the allegations in the charge and the evidence provided is a variance.  State v. Sword, 68 Haw. 343, 345, 713 P.2d 432, 434 (1986) (citing Territory v. Coe, 37 Haw. 601, 606 (1947)).  A variance is only fatal where the discrepancy is "material to an essential element of the offense and prejudicial to a substantial right of the accused."  Sword at 346, 713 P.2d at 434.

In this case, neither the date nor the name of the complaining witness constitute essential elements of the offense. See State v. Kealoha, 95 Hawai'i 365, 379, 22 P.3d 1012, 1026 (2000) (holding that the date and time of the alleged violation is generally not an essential element of an offense); State v. Nases, 65 Haw. 217, 218, 649 P.2d 1138, 1139 (1982) (holding that the identity of the property owner in a theft indictment is surplusage where all that is required is that the property is not the property of the accused).

Ungounga did not suffer substantial prejudice from the variance inasmuch as he was sufficiently informed of the nature and cause of the accusation. The right to be informed of the nature and cause of the accusation is satisfied when the accused is informed of the charges against him, as was the case here. State v. Israel, 78 Hawai'i 66, 72, 890 P.2d 303, 309 (1995) (citing State v. Tuua, 3 Haw. App. 287, 292, 649 P.2d 1180, 1184 (1982)).

(2) Ungounga contends the circuit court erred in denying his "Motion for Judgment of Acquittal And/Or New Trial" as to Count I, since the State failed to produce sufficient evidence of Ungounga's intent to commit theft in the second degree against Complaining Witness II. Ungounga asserts that he could not have intended to commit theft against Complaining Witness II on January 7, 2010, because Ungounga did not meet Complaining Witness II until February 19, 2010. However, Complaining Witness II's identity is not an essential element of the claim against Ungounga. Nases, 65 Haw. at 218, 649 P.2d at 1139.

The State produced evidence that on or about January 7, 2010, Ungounga transmitted Complaining Witness I's personal information to an online contractor's project referral service. The State also showed that Ungounga contacted Complaining Witness II after receiving a project referral from the online service. The record sufficiently supports the jury's finding that Ungounga had the requisite intent to commit theft by deception.

(3) Ungounga contends there was insufficient evidence that Ungounga had physical possession of Complaining Witness I's social security number.  The circuit court provided an instruction for actual and constructive possession.  Hawai'i law recognizes actual and constructive possession.  State v. Foster, 128 Hawai'i 18, 26, 282 P.3d 560, 568 (2012) (citing State v. Jenkins, 93 Hawai'i 87, 110, 997 P.2d 13, 36 (2000)).  Therefore, the circuit court was not required by Hawai'i law to find that Ungounga had physical possession of Complaining Witness I's social security number.

(4) Ungounga contends the circuit court gave the constructive possession instruction in error where the State could only produce evidence that Ungounga had knowledge of Complaining Witness I's social security number.  The circuit court instructed the jury to find constructive possession where a person "knowingly has both the power and intention . . . to exercise dominion or control over a thing . . . ."

The State produced evidence showing Ungounga communicated Complaining Witness I's social security number to the online service and secured an account to receive referrals based on that communication.  "To support a finding of constructive possession the evidence must show a sufficient nexus between the accused and the item to permit an inference that the accused had both the power and the intent to exercise dominion and control over the item."  Foster, 128 Hawai'i at 26, 282 P.3d at 568.  The State's evidence supports the inference that

Ungounga had the power and intent to exercise dominion and control over the social security number where Ungounga used the information to secure an account and obtain contracting referrals. The circuit court properly instructed the jury on constructive possession.

(5) Ungounga contends the circuit court erred in finding Ungounga intended to deprive Complaining Witness II of more than $300 where evidence shows Ungounga performed some of the contractual obligations. Ungounga asserts that since evidence shows he performed some of the contractual obligations, this leads to the inference that Ungounga intended to provide a service to Complaining Witness II.

When a finding is based on conflicting evidence, the finding stands so long as there is credible evidence to support the finding. Ray v. Kapiolani Med. Specialists, 125 Hawai'i 253, 262, 259 P.3d 569, 578 (2011) (quoting Richardson v. Sport Shinko (Waikiki Corp.), 76 Hawai'i 494, 502, 880 P.2d 169, 177 (1994)). The State produced evidence showing Ungounga had knowledge and experience in the valuation of construction projects. The State also produced evidence that Ungounga failed to ultimately fulfill the contractual agreement between himself and Complaining Witness II. The evidence supports the inference that Ungounga intended to deprive an unsuspecting homeowner of more than $300 that he would not have received but for his deception.

(6) Ungounga contends the circuit court erred in denying Ungounga's motion to exclude, as impermissible character

5

evidence, prior injunctions enjoining Ungounga from illegally performing work without a required contractor's license. Hawaii Rules of Evidence Rule 404(b) (Supp. 2011) allows evidence of prior bad acts to be admitted into evidence when such evidence is "probative of another fact that is of consequence to the determination of the action, such as proof of motive . . . ." HRE 404(b). The circuit court properly allowed the injunctions into evidence as proof of motive.

Therefore,

IT IS HEREBY ORDERED that the July 5, 2011 Judgment of Conviction and Probation Sentence entered in the Circuit Court of the First Circuit is affirmed.

DATED: Honolulu, Hawaiʻi, November 15, 2012.

On the briefs:

Michael Jay Green
for Defendant-Appellant.

Debbie L. Tanakaya
Deputy Attorney General
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

6